**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 04-570-C**

**METROPOLITAN LIFE INSURANCE COMPANY,**                             **PLAINTIFF,**

**V.**                **MEMORANDUM OPINION AND ORDER**

**RUSSELL D. CONGER,**                                          **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion for attorney's fees (DE 34). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

The plaintiff brought this action pursuant to the Federal Long Term Care Security Act ("LTCSA"), 5 U.S.C. §§ 9001-09, for partial rescission of the defendant's insurance coverage under the Federal Long Term Care Insurance Program ("FLTCIP"). On October 12, 2005, the court granted the plaintiff's motion for judgment on the pleadings, and the defendant appealed that order. On January 18, 2007, the Court of Appeals for the Sixth Circuit reversed this court's ruling and remanded this case with instructions to dismiss the plaintiff's complaint, which this court subsequently did.

The defendant now moves for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g) of the Employee Retirement Income Security Act of 1974 ("ERISA"). This action, however, was brought under the LTCSA, and, unlike ERISA, the LTCSA does not contain any provision authorizing an award of

attorney's fees. Though the defendant concedes these points, he argues that he is nonetheless entitled to attorney's fees because "[the plaintiff] has contended [in this action] that claims arising under the FLTCIP should be governed under the same rules and procedures as those governing claims under ERISA," and that a fee award is therefore appropriate. DE 34, at 2. He also asserts that disallowing fees would be "both unfair and unjust" under the circumstances. *Id.* at 3.

While the court is sympathetic to the defendant's arguments, it finds that the lack of an attorney's fees provision in the LTCSA is determinative of this issue. In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). Since certain federal statutory schemes explicitly provide that courts may award attorney's fees to a prevailing party, the federal courts have been reluctant to grant fee requests in the absence of such authority:

> Congress well knows how to make explicit whether federal courts have authority to award attorney's fees, as ERISA's fee-shifting provision demonstrates. . . . Indeed, it is the domain of Congress to determine the circumstances under which attorney's fees are to be awarded. When Congress has provided the remedies for a cause of action and the act does not explicitly provide for attorney's fees, courts are not to imply them.

*First Trust Corp. v. Bryant*, 410 F.3d 842, 856 n.11 (6th Cir. 2005) (citations omitted); *see also Armistead v. Vernitron Corp.,* 944 F.2d 1287, 1301-02 (6th Cir. 1991) ("The federal courts have only a limited power to shift fees in the absence of

2

a federal statute authorizing it. . . . Outside of . . . traditional exceptions, the courts have no roving authority to allow counsel fees as costs or otherwise whenever the courts might deem them warranted.") (citations omitted). Since this litigation was clearly brought pursuant to the FLTCSA, and that act does not provide for the payment of attorney's fees to a prevailing party, the court must deny the defendant's request for attorney's fees.[1] Accordingly,

**IT IS ORDERED** that the defendant's motion (DE 34) is **DENIED**.

Signed on  May 8, 2007

*[signature]*
**Jennifer B. Coffman, Judge**
**United States District Court**

---

[1]This result is not altered by the fact that both this court and the Sixth Circuit utilized decisions under ERISA as a framework for resolution of this matter. As the Sixth Circuit noted in deciding this case, "[t]he appropriate standard of review to apply to a district court's judgment on the administrative record in an LTCSA eligibility dispute is a question of first impression." *Metropolitan Life Ins. Co. v. Conger*, 474 F.3d 258, 263 (6th Cir. 2007).  The fact that this court adopted procedural standards developed in ERISA litigation for use in deciding this action in no way suggests that it purported to incorporate the remedies established by ERISA into the LTCSA. As the above-described cases indicate, it is unlikely that this court even has the power to do so.